# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:13-CR-00065-02 |
| JAMES RANDALL RUSSELL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is James Randall Russell's fully briefed and unopposed Motion for Compassionate Release (Doc. Nos. 423, 436, 437). A decision on the merits is appropriate because Russell has exhausted his administrative remedies. (See Doc. No. 423 at 2–3). For the following reasons, the Court will grant Russell's motion.

The First Step Act of 2018 expanded a court's ability to grant compassionate release to certain federal prisoners under 18 U.S.C. § 3582(c). Such relief may now be warranted in cases where a prisoner, who has exhausted administrative remedies, files a motion and the court finds that a sentence reduction is warranted based on (1) "extraordinary and compelling reasons"; and (2) "any applicable § 3553(a) factors[.]" United States v. Jones, 980 F.3d 1098, 1107–08 (6th Cir. 2020). "[T]he compassionate release decision is discretionary, not mandatory." Id. at 1106. Using that discretion, the Court will grant Russell's request for the following reasons.

First, Russell has shown "extraordinary and compelling" circumstances in light of his health status. Russell's medical records show he has emphysema, hypertension, Type II diabetes, and severe obesity. (Doc. No. 424 at 18, 24). The Centers for Disease Control ("CDC") has determined that individuals with "certain underlying medical conditions are at increased risk for

severe illness from the virus that causes COVID-19," www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions (all websites last visited 5/4/2021). Along with Russell's other conditions, the CDC cautions that "having . . . type 2 diabetes can make you more likely to get severely ill from COVID-19." Id. This Court has held that Type II diabetes alone could "satisfy the applicable 'extraordinary and compelling reasons' standard . . . ." U.S. v. Edwards, No. 3:13-cr-00012, 2020 U.S. Dist. LEXIS 127869, at *21 (June 2, 2020). Here, the Government concedes that Russell's conditions "demonstrate an 'extraordinary and compelling reason' for early release." (Doc. No. 436 at 1–2). Accordingly, the Court finds Russell's underlying health conditions are sufficient for a finding of "extraordinary and compelling circumstances." Jones, 980 F.3d at 1107–08.

Second, the Court finds that the applicable Section 3553(a) factors support Russell's release. The Government does not oppose Russell's release on these grounds. Nonetheless, the Court will review the relevant factors below:

*The nature and circumstances of the offense* weigh slightly against compassionate release. Russell was convicted of conspiracy to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Former U.S. District Judge Kevin Sharp sentenced Russell to 132 months in custody and five years of supervised release. (See Doc. No. 337). Although the circumstances of Russell's offense were serious, the weight of this factor is limited because the remaining factors support granting Russell's compassionate release and Russell has shown great propensity for reform, as evidenced by the Memorandum from his Bureau of Prisons (BOP) Case Manager. (See Doc. No. 437-1).

*The history and characteristics of the Defendant* weigh slightly against granting compassionate release. Although the Government does not oppose Russell's Motion, the Court notes that Russell had a criminal history category of VI at the time of his sentencing. (See Doc.

No. 287 at 1). But as with the prior factor, the weight of this factor is limited. The Court notes that Russell has served his time in custody laudably; he has received only one minor disciplinary violation, has completed the Residential Drug Treatment Program, has returned to that program to mentor others, and is a "model inmate [who] exemplifies the meaning behind rehabilitation.". (See Doc. No. 437-1).

*The need to protect the public from further crimes of the defendant* weighs in favor of compassionate release. Were the Court to deny Russell's motion, Russell would likely only be incarcerated for a few more weeks, as counsel for both parties has indicated that Russell is due to be transferred to a Reentry Residential Center (RRC) on June 9, 2021.

*The need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner* does not weight either for or against granting compassionate release. As discussed above, the primary issue at the heart of Russell's motion deals with his various underlying health conditions and impending release to home confinement rather than a specific request to seek medical care.

*To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense* weighs in favor of granting compassionate release. Russell has shown an increased respect for the law given that he has committed only one minor disciplinary infraction over seven (7) years in custody. (See Doc. No. 437-1). According to his BOP Case Manager, Russell's "institutional adjustment has been very good," he "continues to maintain a good rapport with both staff and other inmates," and "[h]e continues to exhibit outstanding worth ethic and maintains a high level of personal hygiene and sanitation." (Id.). Moreover, as discussed above, Russell has served the majority of his sentence, and is due to be released to a residential program in only a few short weeks.

In sum, the Court finds that the 3553(a) factors weigh in favor of granting Russell's compassionate release.

Accordingly, and for the foregoing reasons, Russell's Motion for Compassionate Release (Doc. No. 423) is **GRANTED**. The custodial portion of Russell's sentence will be reduced to time served and he shall be released from the custody of the BOP. The BOP shall ensure that Russell tests negative for COVID-19 prior to his release from custody. Russell shall serve his original five-year term of supervised release under the same conditions as those previously imposed and such term will commence immediately. Upon his release, Russell shall travel directly to the home specified in his release plan, located at 5913 Charlotte Pike Nashville, TN 37209. Russell shall contact his supervising probation officer within 48 hours after he arrives at that location.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE